IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-93-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DONNELL WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to

18 U.S.C. § 3142(f), to detain defendant pending trial.  The government presented the testimony of

an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant did not

present any witnesses or exhibits.  The court also reviewed the pretrial services report.  After careful

consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted,

and based on the findings and reasons stated below and in open court, the court finds by clear and

convincing evidence that there is no condition or combination of conditions that will reasonably

assure the safety of any other person or the community if defendant is released.  The government's

motion is therefore GRANTED.

**Background**

Defendant was indicted in a four-count indictment on 21 March 2012 for possession of a

firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count 1); possession of an

unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (Count 2); possession of a

firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (Count 3); and

possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Count 4).  The alleged offense date

in each count is 16 November 2009.  The evidence presented at the hearing showed that the charges

arise from the location by police of the subject firearm, a sawed-off shotgun painted black with the

serial number obliterated, in the bedroom of defendant's residence under the mattress of his bed. Defendant's girlfriend had told police of the shotgun and gave them permission to seize it. Defendant had been convicted of a felony at the time the shotgun was seized. He subsequently admitted to police that the shotgun was his.

### Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the altered state of the shotgun; defendant's substantial criminal record, including 2 felony convictions (only one of which is sufficient as a predicate offense under *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) according to the government), over 45 misdemeanor convictions (including over 20 for assault or related conduct, and a continuous pattern of assaultive conduct from 1998 through 2011), over 10 probation revocations, and commission of over 20 offenses while on probation; the absence of a proposed third-party custodian; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lifelong residence in the community, his employment, the age of the alleged offenses, and the age of many of his prior convictions. The court finds, however, that while mitigating evidence precludes detention on the grounds of flight (the government did not seek detention on that ground), the factors favoring detention outweigh such evidence as to the risk of danger.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

2

extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense

counsel. On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility shall deliver defendant to the United States Marshal

for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of May 2012.

James E. Gates
United States Magistrate Judge