IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00093-F-1
No. 5:14-CV-00413-F

| | |
|---|---|
| DONNELL WHITE, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-49] Donnell White's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-46]. Also before the court is White's Motion for the District Court to Order a Final Disposition [DE-58, -60]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, White's § 2255 Motion is DISMISSED, and White's Motion for the District Court to Order a Final Disposition is DISMISSED as moot.

## I. Factual and Procedural Background

On March 21, 2012, White was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, White was charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Count Two charged White with possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). In Count Three, White was charged with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Count Four charged White with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

At White's arraignment, held on July 2, 2012, he pled guilty to Count One pursuant to a

written plea agreement [DE-20]. It was agreed that at sentencing the Government would dismiss Counts Two through Four of the Indictment. *Id.* at 5.

On October 3, 2012, the court held White's sentencing hearing and sentenced him to 115 months' imprisonment. *See* Judgment [DE-27]. White did not appeal his conviction or sentence.

White's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-46] was received by the court on July 21, 2014. In his § 2255 motion, White argues that he is entitled to relief because (1) the Government failed to provide evidence of his prior conviction, which was an element of the crime; and (2) his attorney provided ineffective assistance of counsel by failing to meaningfully investigate his criminal history. The Government filed its Motion to Dismiss [DE-49] on September 2, 2014.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

### A. Motion to Vacate

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

2

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, White's Judgment [DE-27] was entered on October 17, 2012, and he filed the instant § 2255 motion on July 15, 2014, at the earliest.[1] Thus, White filed his § 2255 motion well beyond this one-year period. For this reason, White has not shown that his motion is timely under § 2255(f)(1). Accordingly, White's § 2255 motion is time-barred. The court also concludes that White has failed to state circumstances suggesting he is entitled to equitable tolling.[2]

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. White dated his signature on the § 2255 motion as July 15, 2014. Mot. Vacate [DE-46] at 12.

[2] Equitable tolling is available only in "those rare instances where–due to circumstances external the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled

3

## B. Motion for the District Court to Order a Final Disposition [DE-58, -60]

In White's Motion for the District Court to Order a Final Disposition, he notes that his § 2255 motion has been ready for disposition for eleven months and requests an order from the court. Because White will be receiving an order on his § 2255 motion, his Motion for the District Court to Order a Final Disposition [DE-58, -60] is DISMISSED as moot.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-49] is ALLOWED and White's § 2255 motion [DE-46] is DISMISSED. Also, White's Motion for the District Court to Order a Final Disposition [DE-58, -60] is DISMISSED as moot.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court finds that White has not made the requisite showing to support a certificate of

---

to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

4

appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 2̂5 day of November, 2015.

                                         *James C. Fox*
                                         James C. Fox
                                         Senior United States District Judge